(Reap. Dec. 10055)

NATIONAL CARLOADING CORPORATION v. UNITED STATES

Entry No. 988947.

(Decided August 3, 1961)

*Lawrence & Tuttle (Barnes, Richardson & Colburn* by *Edward N. Glad* of counsel) for the plaintiff.

*William H. Orrick, Jr.,* Assistant Attorney General (*Richard E. FitzGibbon* and *Samuel D. Spector,* trial attorneys), for the defendant.

JOHNSON, Judge: The merchandise involved herein consists of so-called Lodge spark plugs, imported from England, and entered for consumption on May 12, 1959. The various items were invoiced, entered, and appraised as follows:

|  | Invoiced and entered | Appraised |
|---|---|---|
| Standard spark plugs | $0. 20 | £0–2–1. 42 |
| Platinum spark plugs | 1. 05 | £0–7–4. 91 |
| Silver spark plugs | 0. 25 | £0–2–5. 90 |
| Racing spark plugs | 0. 75 | £0–5–5. 45 |
|  | each, plus packing | each, plus cost of cases |

The merchandise was entered as automobile parts, classifiable under paragraph 369 of the Tariff Act of 1930, as modified, at 10½ per centum ad valorem. The examiner advisorily approved this classification.

The final list of merchandise to be appraised under section 402a of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, includes "Automobile parts, finished." (93 Treas. Dec. 14, 40, T.D. 54521.) Although the record in the instant case does not disclose the basis of appraisement, it was apparently based on either foreign value or cost of production, as those values are defined in section 402a, as amended, the old valuation section.

Plaintiff claims that the appraiser's action was erroneous on the ground that spark plugs identical to those involved herein were classified as parts of internal-combustion engines of the carburetor type, rather than as automobile parts, in *Lodge Spark Plug Co., Inc., and James Loudon et al.* v. *United States,* 44 Cust. Ct. 448, Abstract 64136; that no provision for parts of internal-combustion machines of the carburetor type appears on the final list; that, therefore, the merchandise should have been appraised on the basis of export value, as defined in section 402(b) of the Tariff Act of 1930, as amended (the new valuation section); and that such values are the invoiced values.

Defendant contends that the determination of the classification of merchandise, such as that at bar, has no bearing upon the determination of the value of the merchandise; that merchandise could be classified as a different article under a different provision of the tariff act without impairing the appraiser's description of the article for appraisement purposes; that the appraiser's designation was presumed to be correct; that there was no evidence that the designation on the final list did not intend to include the merchandise herein; and that

there was no competent evidence to establish an export value, as defined in section 402(b) of the Tariff Act of 1930, as amended.

The issues involve primarily the construction of the following sections of the Customs Simplification Act of 1956:

SEC. 2.    (a)    Section 402 of the Tariff Act of 1930, as amended (U.S.C., 1952 edition, title 19, sec. 1402), is redesignated "SEC. 402a.    VALUE (ALTERNATIVE)." and such Tariff Act of 1930 is amended by inserting therein immediately before the redesignated section 402a a new section 402 to read as follows:

SEC. 402.    VALUE.

\*        \*        \*        \*        \*        \*        \*

"(b)    EXPORT VALUE.—For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

\*        \*        \*        \*        \*        \*        \*

"(f)    DEFINITIONS.—For the purposes of this section—

"(1)    The term 'freely sold or, in the absence of sales, offered for sale' means sold or, in the absence of sales, offered—

"(A)    to all purchasers at wholesale, or

"(B)    in the ordinary course of trade to one or more selected purchasers at wholesale at a price which fairly reflects the market value of the merchandise,

without restrictions as to the disposition or use of the merchandise by the purchaser, except restrictions as to such disposition or use which (i) are imposed or required by law, (ii) limit the price at which or the territory in which the merchandise may be resold, or (iii) do not substantially affect the value of the merchandise to usual purchasers at wholesale.

"(2)    The term 'ordinary course of trade' means the conditions and practices which, for a reasonable time prior to the exportation of the merchandise undergoing appraisement, have been normal in the trade under consideration with respect to merchandise of the same class or kind as the merchandise undergoing appraisement.

\*        \*        \*        \*        \*        \*        \*

SEC. 6.    (a)    The Secretary of the Treasury shall determine and make public a list of the articles which shall be valued in accordance with section 402a, Tariff Act of 1930, as amended by this Act, as follows:

As soon as practicable after the enactment of this Act the Secretary shall make public a preliminary list of the imported articles which he shall have determined, after such investigation as he deems necessary, would have been appraised in accordance with section 402 of the Tariff Act of 1930, as amended by this Act, at average values for each article which are 95 (or less) per centum of the average values at which such article was actually appraised during the fiscal year 1954. If within sixty days after the publication of such preliminary list any manufacturer, producer, or wholesaler in the United States presents to the Secretary his reason for belief that any imported articles not specified in such list and like

or similar to articles manufactured, produced, or sold at wholesale by him would have been appraised in accordance with such section 402 at average values which are 95 (or less) per centum of the average values at which they were or would have been appraised under section 402a, Tariff Act of 1930, as amended by this Act, the Secretary shall cause such investigation of the matter to be made as he deems necessary. If in the opinion of the Secretary the reason for belief is substantiated by the investigation, the articles involved shall be added to the preliminary list and such list, including any additions so made thereto, shall be published as a final list. Every article so specified in the final list which is entered, or withdrawn from warehouse, for consumption on or after the thirtieth day following the date of publication of the final list shall be appraised in accordance with the provisions of section 402a, Tariff Act of 1930, as amended by this Act.

Under the last-quoted section, the appraiser is required to appraise every article specified on the final list in accordance with the old valuation sections, which he apparently did in the instant case. The question to be determined here is whether the spark plugs are articles specified in the final list under the term "Automobile parts, finished," in which case the appraiser's finding of value would be correct.

An analogous situation was before the court in *A. N. Deringer, Inc.* v. *United States*, 46 Cust. Ct. 606, Reap. Dec. 9927. The merchandise consisted of certain pulpboard which the appraiser found to be a "board product" comprehended within the following specification in the final list:

*Board Products*

> Boards, wood pulp, including beer mat board (not plate finished, supercalendered, friction calendered, laminated by means of an adhesive substance, coated, surface stained or dyed, lined or vat-lined, embossed, printed, decorated or ornamented in any manner, or cut into shapes for boxes or other articles). [93 Treas. Dec. 14, 46, T.D. 54521.]

Accordingly, the merchandise was appraised on the basis of foreign value, as defined in the old valuation section.

The plaintiff there claimed, however, that the pulpboard was, in fact, a board product which was vat-lined, friction calendered, or coated, and thus excepted from the list of board products specified. Testimony was presented to the effect that the merchandise was vat-lined, calendered, and coated. The court, in its decision, referred to a classification case holding pulpboard produced by a similar process to be vat-lined. *C. J. Tower & Sons* v. *United States*, 26 C.C.P.A. (Customs) 28, T.D. 49575. It also referred to the definition of "friction calendered" in another classification case. *H. W. Robinson Air Freight Corp.* v. *United States*, 45 Cust. Ct. 102, C.D. 2207. The court held that the pulpboard was vat-lined, friction calendered, and coated; that such merchandise was not specified in the final list; and that it was not subject to appraisement on the basis of foreign value under the old valuation section, but on the basis of export value under the new valuation section.

While the appraiser has no authority to classify merchandise for the purpose of assessing duties, it follows from the provisions of section 6(a) of the Customs Simplification Act of 1956, *supra*, and the final list issued by the Secretary of the Treasury that he must determine whether the merchandise before him is included in the final list or not, in order to appraise the merchandise in accordance with the applicable valuation section. His finding of value is subject to review in reappraisement proceedings.

The specification in the final list pertinent to this case covers "Automobile parts, finished." The Tariff Act of 1930 provided in section 369(c) for "Parts * * * for any of the articles enumerated in subparagraph * * * (b) [which includes automobiles] finished or unfinished." The final list was issued by the Secretary of the Treasury pursuant to a statute amending the Tariff Act of 1930. Therefore, where the same words are used in the final list, to describe articles or classes of articles, as are used in the tariff act, they have the same meaning. Any other construction would lead to confusion, rather than the simplification intended by the amendatory statute. Therefore, the construction of the words "automobile parts" in a classification case is relevant to the construction of the same words or similar phraseology in an appraisement proceeding. In *Lodge Spark Plug Co., Inc., and James Loudon et al.* v. *United States*, *supra*, it was held that in order for articles to constitute "automobile parts," they must be dedicated to use in automobiles and that spark plugs, such as those involved herein, were not so dedicated and were not automobile parts. Since they are not automobile parts within the meaning of those words, as used in the tariff act, they are likewise not automobile parts within the meaning of those words in the final list. Therefore, they are not subject to appraisement under the old valuation section.

The appraiser's finding of value being erroneous, the next question to arise is whether plaintiff has met its burden of establishing some other value as the correct dutiable value.

On this point, Fritz Warren, president of Lodge Spark Plug Co., the importer, testified as follows: His firm has had an exclusive contract with the manufacturer of the spark plugs involved herein since August 1, 1957, which contract was to run for 5 years. Under the contract, the importer is given the exclusive right to import and sell Lodge spark plugs in the United States, except to the aviation industry. The only other firm importing Lodge spark plugs is Trans-World Engineering, which imports the shielded type and sells them for aircraft use. It is estopped from bringing in nonshielded spark plugs. The importer does not sell to Trans-World's customers nor does the latter sell to importer's customers. While the importer sells

shielded spark plugs to marine and industrial users, none of the merchandise involved herein is of this type.

According to Mr. Warren, the prices which the importer paid are the invoice prices. Such prices have not varied since February 1958 to the present, nor do they vary with respect to the quantity purchased.

Mr. Warren stated also that the officers and directors of the importing firm are not in any way related to the officers and directors of Lodge Spark Plug, Rugby, England, the manufacturer.

Under section 402 (b) and (f) of the Tariff Act of 1930, as amended, *supra*, export value may be determined from the price at which the merchandise is freely sold or offered for sale "(A) to all purchasers at wholesale, or (B) in the ordinary course of trade to one or more selected purchasers at wholesale at a price which fairly reflects the market value of the merchandise."

In the instant case, the merchandise was sold to one selected purchaser at the invoice prices. No evidence has been presented to establish that this was in the ordinary course of trade, as that term is defined in the statute, or that the prices fairly reflected the market value of the merchandise.

"Ordinary course of trade" is defined in the statute as the conditions and practices which have been normal in the trade under consideration with respect to merchandise of the same class or kind. In the instant case, that means the trade in the sale of British spark plugs of the same class or kind as those involved herein for exportation to the United States generally, not only the trade in Lodge spark plugs. *Chr. Bjelland & Co., Inc.* v. *United States*, 45 Cust. Ct. 435, Reap. Dec. 9753. There is nothing in the record to show what the normal trade practices were in connection with the sale of spark plugs nor that Lodge spark plugs were sold to the importer in conformity with such practices.

Under the old valuation section, export value could be established only by the price at which the merchandise was freely offered for sale to *all* purchasers. *United States* v. *Mexican Products Co.*, 28 C.C.P.A. (Customs) 80, 89–90, C.A.D. 129. While the new section permits consideration of sales to one or more selected purchasers, this may be done only if there is evidence to indicate that the sales to such purchasers fairly reflect the market value of the merchandise. The fact that certain prices were paid over a period of time is not sufficient. Other circumstances must be shown, whereby the court may determine that such prices in fact fairly reflect the market value. No such evidence has been presented in this case.

For the reasons stated, I am constrained to hold that the importer has failed to establish the correct dutiable value of this merchandise.

The appraised value must, therefore, be sustained. *Kobe Import Co. v. United States*, 42 C.C.P.A. (Customs) 194, 198, C.A.D. 593.

I find as facts:

1. That the merchandise involved herein consists of so-called Lodge spark plugs of various types, imported from England, and entered for consumption on May 12, 1959.

2. That the merchandise was appraised in accordance with section 402a of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, as follows:

| | |
|---|---|
| Standard spark plugs | £0–2–1. 42 |
| Platinum spark plugs | £0–7–4. 91 |
| Silver spark plugs | £0–2–5. 90 |
| Racing spark plugs | £0–5–5. 45 |

3. That said spark plugs are not automobile parts and are not specified in the final list of articles to be appraised under section 402a of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, which list was published by the Secretary of the Treasury pursuant to section 6(a) of said act.

4. That, at the time of exportation, such merchandise was sold for export to the United States to one selected purchaser, the importer herein, at the invoice prices.

5. That the record does not establish that the aforesaid sales were made in conformity with normal trade practices for the sale of British spark plugs of the same class or kind for exportation to the United States, nor does it establish that the prices paid by the importer fairly reflected the market value of the merchandise.

I conclude as matters of law:

1. That the merchandise involved herein is not included in the final list of articles to be valued in accordance with section 402a of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

2. That the record is insufficient to establish a dutiable value for this merchandise in accordance with the provisions of section 402 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

3. That, since the plaintiff has failed to prove values for this merchandise, other than those found by the appraiser, by operation of 28 U.S.C., section 2633, the values of the respective items of merchandise are as found by the appraiser.

Judgment will be rendered accordingly.