NATIONAL CARLOADING CORPORATION *v.* UNITED STATES (No. 5217)*

United States Court of Customs and Patent Appeals, May 12, 1966

*Glad & Tuttle (Edward N. Glad,* of counsel) for appellant.

*John W. Douglas,* Assistant Attorney General, *Andrew P. Vance,* Chief, Customs Section, *Sheila N. Ziff* for the United States.

[Oral argument April 6, 1966 by Mr. Glad and Mrs. Ziff]

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Associate Judges

ALMOND, Judge, delivered the opinion of the court:·

This is an appeal from the judgment of the United States Customs Court, First Division, 55 Cust. Ct. 723 A.R.D. 191, affirming the judgment of Judge Donlon, sitting as the single judge in reappraisement, 49 Cust. Ct. 372, Reap. Dec. 10323. Judge Donlon's decision was on rehearing and affirms the findings and conclusions of the late Judge Jed Johnson in *National Carloading Corp.* v. *United States,* 47 Cust. Ct. 419, Reap. Dec. 10055.

The merchandise, consisting of spark plugs, was appraised on the basis of foreign value as defined in section 402a (c) of the Tariff Act

---

*C.A.D. 877.

of 1930, as amended by the Customs Simplification Act of 1956. Appellee contends that the spark·plugs come within the scope of the descriptive term "Automobile parts, finished" which appears on the final list of articles published by the Secretary of the Treasury (T.D. 54521) pursuant to section 6(a) of said Act. This list purports to name the articles subject to appraisement under section 402a.

Appellant contends that the spark plugs in issue are not on said final list, and therefore the proper basis of appraisement is export value as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, and that such export values are represented by the unit invoice values for the various types of spark plugs here involved.

The merchandise consists of four series of spark plugs manufactured by Lodge Plugs, Ltd. of Rugby, England, imported into this country by Lodge Spark Plug Co. of Los Angeles in May 1959. They were invoiced and entered in United States currency and appraised in English currency at the following unit values, packing extra:

| Item Designation | Invoiced and Entered | Appraised |
|---|---|---|
| Standard spark plugs | $0. 20 | £ 0–2–1.42 |
| Platinum spark plugs | 1. 05 | £ 0–7–4.91 |
| Silver spark plugs | 0. 25 | £ 0–2–5.90 |
| Racing spark plugs | 0. 75 | £ 0–5–5.45 |

By reason of the view we take of this case, we do not deem it necessary to reproduce *in extenso* the provisions of sections 402a and 402(b) of the Tariff Act of 1930 as amended. We deem it sufficient to recite the provisions of sections 6(a) and (b) of the Customs Simplification Act of 1956, Public Law 927 of August 2, 1956, 70 Stat. 943.

SEC. 6. (a) The Secretary of the Treasury shall determine and make public a list of the articles which shall be valued in accordance with section 402a, Tariff Act of 1930, as amended by this Act, as follows:

As soon as practicable after the enactment of this Act the Secretary shall make public a preliminary list of the imported articles which he shall have determined, after such investigation as he deems necessary, would have been appraised in accordance with section 402 of the Tariff Act of 1930, as amended by this Act, at average values for each article which are 95 (or less) per centum of the average values at which such article was actually appraised during the fiscal year 1954. If within sixty days after the publication of such preliminary list any manufacturer, producer, or wholesaler in the United States presents to the Secretary his reason for belief that any imported articles not specified in such list and like or similar to articles manufactured, produced, or sold at wholesale by him would have been appraised in accordance with section 402 at average values which are 95 (or less) per centum of the average values at which they were or would have been appraised under section 402a, Tariff Act of 1930, as amended by this Act, the Secretary shall cause such investigation of the matter to be made as he deems necessary. If in the opinion of the Secretary the reason for belief is substantiated by the investigation, the articles involved shall be added to the preliminary list and such list, including any additions so made thereto, shall

be published as a final list. Every article so specified in the final list which is entered, or withdrawn from warehouse, for consumption on or after the thirtieth day following the date of publication of the final list shall be appraised in accordance with the provisions of section 402a, Tariff Act of 1930, as amended by this Act.

(b) The final list published in accordance with the provision of subsection (a), together with explanatory data, shall be transmitted promptly to the chairmen of the Committee on Ways and Means of the House of Representatives and the Committee on Finance of the Senate.

As will hereinafter appear, we do not consider it appropriate to evaluate the competency and sufficiency of the evidence submitted by appellant to the trial courts below in support of its contention that it had made out a prima facie case for its claim for appraisement under export value as defined in section 402(b) and that the invoiced and entered values are the proper unit values for the imported merchandise.

At the original hearing, the case of *Lodge Spark Plug Co.* v. *United States*, 44 Cust. Ct. 448, Abs. 64136, was incorporated as a part of the record. That case held that spark plugs identical to those involved herein were properly classifiable as parts of internal combustion engines rather than as parts of automobiles. There is no provision for parts of internal combustion engines on the final list published by the Secretary of the Treasury. The trial court concluded that the spark plugs are not automobile parts and were not specified in the final list of articles to be appraised under section 402a of the Tariff Act, but that since plaintiff had failed to prove values other than those found by the appraiser, by operation of 28 USC 2633, the appraised values would stand.

On rehearing in R.D. 10323, the trial court reaffirmed the original judgment (R.D. 10055) concluding as a matter of law that the merchandise is not included in the final list of articles to be valued under the provisions of section 402a, and hence is to be valued under the provisions of section 402, and that, since plaintiff had not borne its burden of proof as to values, the values are the appraised values.

On appeal, the Customs Court, First Division, affirmed the judgment of the trial court, but on different grounds. It concluded as matters of law:

1. That the scope of the provision for "Automobile parts, finished," appearing on the final list of articles published by the Secretary of the Treasury pursuant to section 6(a) of the Customs Simplification Act of 1956, is to be determined as of the date of publication of said list.

2. That the merchandise involved herein, being included in the final list of articles so published, is properly appraised in accordance with the provisions of section 402a(c) of the Tariff Act of 1930, as amended.

3. That since the plaintiff has failed to prove otherwise, the values for the respective items of merchandise are as found by the appraiser.

The Customs Court labored at length to ascertain the intent of the Secretary of the Treasury, to whom authority was delegated to formulate the final list, and the intent of Congress in enacting the tariff classification schedules, with the objective of arriving at the meaning and scope of the words "Automobile parts, finished" as they appear on the final list. Pursuant to review of the legislative history of section 6(a) of the Customs Simplification Act of 1956, the court concluded that:

(a) The term "article," as used in the context of 6(a), describes in some instances individual imported items of commerce and in other instances groups of imported items; (b) the Secretary had the discretion to list items individually, in combination, or by class or group; and (c) if an inclusive term was used, covering two or more different items or articles of commerce, it is to be presumed that each and every item or article covered had come under the Secretary's study, and no intent to cover any article unknown, or to have the scope of the list altered by subsequent classification decisions, could have existed. This is very different from the intention manifested by Congress in enacting the tariff schedules. There, the intent was to leave nothing out that was not expressly designated on the free list; articles might be designated *eo nomine* that were unknown to Congress or not extant. * * *

Relying on Bureau of Census reports reflecting customs practice in 1958 of classifying spark plugs as automobile parts, the court concluded that the Secretary used words that were adequate to place spark plugs on the final list "according to the understanding of those who would read the list."

The only words we find that may be relied on to fulfill this requirement of adequacy are the words "Automobile parts, finished." In this connection the court stated:

To any reasonable person, in 1958, interested in the import trade in spark plugs, the words on the final list "Automobile parts, finished," either denoted spark plugs among other things, or at least put him on notice that the Secretary might so intend.

If the Secretary intended to designate spark plugs, and if what he published was so understandable at the time, this court is not going to be led off into any tangential inquiry as to whether he used the right magic words. However, we may regret that *the Secretary did not provide more effective guides to his intent at the time.* [Emphasis ours.]

We find of record no publication by the Secretary which would clarify or be conducive to the understanding of those who would read the list that it included spark plugs. He not only did not use the "right magic words" but he employed no words of clarification. To say that he "did not provide more effective guides as to his intent" is an inadequate characterization of the fact that he provided no guides.

We consider it far more likely that any reasonable person interested in the import trade in spark plugs would envision the term

"Automobile parts, finished" in the light of a long line of judicial pronouncements on the classification of parts previously handed down by the courts. Such a person would *not* consider such items to be automobile parts, nor presume that the Secretary *might so intend.*

We think that the decision of this court in *United States* v. *Ford Motor Co.,* 51 CCPA 22, C.A.D. 831, is apposite to the situation here presented. The court stated:

One with a modest degree of familiarity with internal combustion engines and automobiles upon examining such parts as cylinder blocks, connecting rod assemblies, camshafts, crankshafts, bearing caps, connecting rod forgings and tappet assemblies, whether or not versed in mechanical nomenclature, would, it seems to us, readily recognize them as parts of engines rather than parts of automobiles. The parts are integral, constituent or component parts of internal combustion engines. Their utility is in the building and assembling of the engine which may or may not be incorporated into an automobile. They are dedicated to the engine before the engine finds its ultimate use in the automobile or one of several industrial machines.

Spark plugs would fit into the above quotation with as much facility as any of the elements catalogued therein. It is a matter of common knowledge that they serve an igniting function as parts of internal combustion engines which in their usable state provide motive power for automobiles, trucks, motorcycles, lawn mowers, motor boats, lighting systems, pumping systems and other motor power mechanisms.

Contrary to the rationale employed by the Customs Court, we do not subscribe to the view that there "is good reason to think that the Secretary intended to enumerate spark plugs as parts of automobiles." A more rational view, we think, is that the Secretary did not intend to include spark plugs within the phrase "Automobile parts, finished" in the face of long settled rules applicable to the classification of parts. Had he so intended, he would have been far more explicit and specific in the exercise of his delegated authority than is indicated by this record.

We have considered the cases cited and the arguments advanced by counsel. For the reasons stated, we are of the opinion that the merchandise herein involved is not included in the final list of articles to be valued pursuant to the provisions of section 402a of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, and hence is to be valued under section 402(b), as amended.

Because of its determination that the involved merchandise is on the final list, the Customs Court did not consider the question of export value under section 402(b).

In view of the foregoing, we *reverse* the judgment of the court below and *remand* this case to the First Division, Appellate Term, of the Customs Court, with directions that it make appropriate findings of fact and conclusions of law under section 402(b) of the Tariff Act of 1930, as amended.